UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIGDALIA GARCIA, individually and on behalf of other similarly situated employees,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE GEO GROUP, INC.**<br><br>**Defendant.** | **Civ. Action No. 5:21-CV-1867**<br><br>**Class/Collective Action**<br><br>**Pursuant to Fed. R. Civ. P. 23/ 29 U.S.C. § 216(b)**<br><br>**Jury Trial Demanded** |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Plaintiff Migdalia Garcia brings this lawsuit to recover unpaid overtime wages and other damages from The Geo Group, Inc ("Geo Group") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 29 U.S.C. § 201 *et. seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.101 *et. seq.*, for work they performed for Geo Group, Inc. (Geo Group).

2. Garcia and other workers like her regularly worked for Geo Group in excess of forty (40) hours each week.

3. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

4. Instead of paying overtime as required by the FLSA and PMWA, Garcia and other workers like her were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime"), and often did not receive compensation for all hours worked in excess of forty (40) in a workweek.

5. This class and collective action seeks to recover the unpaid overtime wages and

other damages owed to these workers.

## II.   JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this Action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Garcia worked for Geo Group in this District and Division in Morgantown, Berks County, Pennsylvania.

10. Geo Group conducts substantial business in this District and manages and/or owns correctional facilities (private prisons and/or mental health facilities) in Thornton, Delaware County, Pennsylvania (George W. Hill Correctional Facility) as well as elsewhere in Pennsylvania (Moshannon Valley Correctional Facility in Philipsburg, PA) and across the United States.[1] Geo Group also conducts substantial business in this District and Division by providing "rehabilitation programs to individuals while in-custody and post-release into the community."[2]

11. Additionally, Garcia lives in this District in Reading, Berks County, Pennsylvania.

## III.   THE PARTIES

12. Garcia performed work for Geo Group from approximately June 2009 to October

---

[1] https://www.geogroup.com/Locations (last visited March 31, 2021).

[2] https://www.geogroup.com/who_we_are (last visited March 31, 2021).

2018.

13. While working for Geo Group, Garcia was often not paid any overtime compensation for all hours worked in excess of forty (40) in a single workweek.

14. While working for Geo Group, when Garcia did receive overtime compensation for hours worked in excess of forty (40) in a single workweek, she was only paid "straight time for overtime."

15. Garcia's written consent is attached herein as <u>Exhibit A</u>.

16. Garcia brings this Action on behalf of herself and other similarly situated workers who were paid "straight time for overtime" for work performed for Geo Group.

17. The class of similarly situated employees or putative class members sought to be certified is defined as:

> **All individuals who worked for Geo Group during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or "straight time for overtime" (the "Putative Class").**

18. Garcia seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

19. Garcia also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA.

20. Geo Group Inc. is a Florida corporation. Geo Group may be served with process by serving its registered agent, Corporate Creations Network Inc., 1001 State Street #1400, Erie, PA 16501 or wherever it may be found.

## IV.   COVERAGE UNDER THE FLSA

21. At all times hereinafter mentioned, Geo Group was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Geo Group was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Geo Group was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Garcia and the FLSA Class Members were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### V.   THE FACTS

25. Geo Group owns and/or manages secure facilities (private prisons and mental health facilities) across the United States, including in Pennsylvania.[3] Geo Group also provides "rehabilitation programs to individuals while in-custody and post-release into the community."[4]

26. To provide services to its clients, Geo Group hires workers who are paid on an hourly basis (like Garcia) and staffs them to correctional and rehabilitation facilities.

27. Geo Group determines and controls the terms and conditions of employment.

---

[3] https://www.geogroup.com/Locations (last visited March 31, 2021).

[4] https://www.geogroup.com/who_we_are (last visited February 25, 2021).

4

28. During the operative time period, Garcia worked for Geo Group as an hourly employee.

29. Garcia was paid by the hour.

30. Garcia was a program manager.

31. Garcia was employed by Geo Group from June 2009 until October 2018.

32. Garcia reported the hours she worked to Geo Group on a regular basis.

33. Garcia regularly worked more than 40 hours in a week.

34. The hours Garcia worked are reflected in her payroll records.

35. Garcia was paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

36. Garcia did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Geo Group.

37. Rather than receiving time and half as required by the FLSA and PMWA, Garcia only received "straight time" pay for overtime hours worked.

38. This "straight time for overtime" payment scheme violates the FLSA and PMWA.

39. Geo Group was aware of the overtime requirements of the FLSA and PMWA.

40. Certain hourly employees, such as Garcia, nevertheless did not receive overtime while working for Geo Group.

41. Very little skill, training, or initiative, in terms of independent business initiative, was required of Garcia to perform her job duties.

42. Indeed, the daily and weekly activities of Garcia and members of the Putative Class were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Geo Group.

43. Garcia and members of the Putative Class performed substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

44. Garcia and members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice.

45. Garcia and members of the Putative Class regularly worked in excess of 40 hours each week.

46. Garcia and members of the Putative Class were not paid on a salary basis while working for Geo Group.

47. Garcia and members of the Putative Class were paid "straight time for overtime" while working for Geo Group.

48. Garcia and members of the Putative Class were not paid overtime for hours worked in excess of 40 hours in a single workweek while working for Geo Group.

49. Garcia and members of the Putative Class were not paid for all hours worked.

50. Geo Group knew, or acted with reckless disregard for whether, Garcia and members of the FLSA Class were misclassified as exempt.

51. The failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and PMWA because Garcia and the members of the Putative Class were misclassified as exempt and denied overtime compensation.

### VI. FLSA VIOLATIONS

52. As set forth herein, Geo Group has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than

forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

53. Geo Group knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Garcia and members of the Putative Class overtime compensation. Geo Group's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

54. Accordingly, Garcia and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## VII.  PMWA V<span>IOLATIONS</span>

55. Garcia brings this claim under the PMWA as a Rule 23 class action.

56. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.101, *et. seq*.).

57. At all relevant times, Geo Group was subject to the requirements of the PMWA.

58. At all relevant times, Geo Group employed Garcia and the members of the Putative Class as an "employee" within the meaning of the PMWA.

59. The PMWA requires employers like Geo Group to pay employees at one and one half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Garcia and members of the Putative Class are entitled to overtime pay under the PMWA.

60. Geo Group has and had a policy and practice of failing to pay Garcia and members of the Putative Class overtime for hours worked in excess of forty (40) hours per workweek.

61. Garcia and the members of the Putative Class seek unpaid overtime in amount equal to one and one half (1 ½) times the regular rate of pay for work performed in excess of hours in a

workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

62. Garcia and the members of the Putative Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Geo Group, as provided by the PMWA.

### VIII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

63. Garcia incorporates all previous paragraphs and alleges that the illegal pay practices Geo Group imposed on Garcia were likewise imposed on the members of the Putative Class.

64. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

65. Numerous other individuals who worked with Garcia indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

66. Based on her experience and tenure with Geo Group, Garcia is aware that Geo Group's illegal practices were imposed on members of the Putative Class.

67. The members of the Putative Class were all not afforded the overtime compensation when the worked in excess of forty (40) hours per week.

68. Geo Group's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class members.

69. Garcia's experiences are therefore typical of the Putative Class members.

70. The specific job titles or precise job locations of the Putative Class members do not prevent class or collective treatments.

71. Garcia has no interest contrary to, or in conflict with, the Putative Class members.

Like each member of the Putative Class, Garcia has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

72. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

73. Absent this action, many Putative Class members likely will not obtain redress of their injuries and Geo Group will reap the unjust benefits of violating the FLSA and PMWA.

74. Furthermore, even if some of the Putative Class members could afford individual litigation against Geo Group, it would be unduly burdensome to the judicial system.

75. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

76. The questions of law and fact common the Putative Class members predominate over any question affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Geo Group required Garcia and members of the Putative Class to work more than 40 hours during individual work weeks;

   b. Whether Garcia and members of the Putative Class were paid at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single work week;

   c. Whether Geo Group's decision to pay members of the Putative Class straight time for overtime was made in good faith;

   d. Whether Geo Group's violation of the FLSA and PMWA was willful; and

   e. Whether Geo Group's illegal pay practices were applied uniformly across the nation to all Putative Class members.

77. Garcia's claims are typical of the claims of the Putative Class members. Garcia and the Putative Class members sustained damages arising out of Geo Group's illegal and uniform employment policy.

78. Garcia knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

79. Although the issues of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, the issue does not preclude collective and class action treatment.

## IX.   JURY DEMAND

80. Garcia demands a trial by Jury.

## X.   PRAYER

81. Garcia prays for relief as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Geo Group liable for unpaid back wages due to Garcia and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Garcia and her counsel as Class Counsel to represent the interests of the both the federal and state law classes;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: April 21, 2021                              Respectfully submitted,

                                          /s/ Camille Fundora Rodriguez
                                          Camille Fundora Rodriguez (PA No. 312533)
                                          BERGER MONTAGUE PC
                                          1818 Market Street, Suite 3600
                                          Philadelphia, PA 19103
                                          Tel. (215) 875-3000
                                          Fax (215) 875-4604
                                          crodriguez@bm.net

                                          Michael A. Josephson
                                          PA ID: 308410
                                          Andrew Dunlap
                                          Texas State Bar No. 24078444
                                          William R. Liles
                                          Texas State Bar No. 24083395
                                          Josephson Dunlap, LLP
                                          11 Greenway Plaza, Suite 3050
                                          Houston, Texas 77046
                                          713-352-1100 – Telephone
                                          713-352-3300 – Facsimile
                                          mjosephson@mybackwages.com
                                          adunlap@mybackwages.com
                                          wliles@mybackwages.com

                                          Richard J. (Rex) Burch
                                          Texas State Bar No. 24001807
                                          Bruckner Burch PLLC
                                          8 Greenway Plaza, Suite 1500
                                          Houston, Texas 77046
                                          713-877-8788 – Telephone
                                          713-877-8065 – Facsimile
                                          rburch@brucknerburch.com

                                          *Attorneys in Charge for Plaintiff and the Proposed Collective and Class*