# EXHIBIT 1

# RELEASE AND SETTLEMENT AGREEMENT

The undersigned, **MIGDALIA GARCIA ("RELEASOR")**, on the one hand, and **THE GEO GROUP, INC. ("RELEASEE") (jointly referred to as "THE PARTIES")**, on the other hand, as well as each of their respective children, heirs, executors, administrators, successors, subsidiaries, affiliates, parent companies, owners, officers, employees, agents, insurers, and assigns and any person or entity that may claim on behalf of, through or for their benefit, for, contingent upon, and in exchange for the payment by **RELEASEE** of **Seventeen Thousand Dollars ($17,000.00) ("The Settlement Funds")** on the terms set forth below, hereby release, acquit, and forever discharge one another, as well as each of their respective past and present officers, directors, stockholders, attorneys, representatives, agents, servants, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, assigns, heirs, executors, administrators, indemnitors and insurers and all other persons, firms or corporations with whom any of the former have been, are now, or may be affiliated and all other persons, firms, corporations, associations or partnerships, of and from any, all and every claim, counterclaim, action, cause of action, demand, right, damages, lien, sanctions, costs, including attorneys' fees, loss of service, expenses, compensation and liability of whatever kind or nature, which they ever had or now have against one another arising from, related to, or in any way growing out of, or yet to result from the facts and/or allegations asserted in a Complaint filed in the United States District Court for the Eastern District of Pennsylvania, Case No.: 5:21-cv-01867 ("THE COMPLAINT").

**THE PARTIES** acknowledge that in THE COMPLAINT, **RELEASOR** asserts claims for unpaid overtime compensation under the Fair Labor Standards Act, as well as the Pennsylvania Minimum Wage Act ("The Released Claims").

**RELEASOR** acknowledges that in consideration for the payment of The Settlement Funds, **RELEASOR** agrees to waive and dismiss with prejudice any claims that were or could have been asserted in this matter, including claims arising under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act and any claim for costs, fees, or other expenses including attorneys' fees incurred in this matter.

Nothing herein shall be deemed a waiver of: (i) claims for accrued vested benefits under any employee benefit plan of **RELEASEE** in accordance with the terms of such plan and applicable law; (ii) claims for breach of this Settlement Agreement and Release; or (iii) claims that may arise based on events occurring after **RELEASOR** signs this Settlement Agreement and Release.

**RELEASOR** acknowledges that she may discover facts or law different from, or in addition to, the facts or law she knows or believes to exist with respect to a released claim. She agrees, nonetheless, that this Settlement Agreement and Release and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law. **RELEASOR** further acknowledges and understands that she is releasing claims that she may not know about, and that is her intent. **RELEASOR** expressly waives all rights she may have under any laws that are intended to prevent unknown claims from being released and acknowledges that she understands the significance of doing so.

Nothing in the foregoing will operate as a release by any Party of any claim or right to enforce the terms of this Release.

**RELEASEE** will pay The Settlement Funds as follows:

- $4,191.11 will be paid by way of a payroll check issued to Migdalia Garcia, subject to required state and federal withholding and reported on an IRS Form W-2 representing payment of Ms. Garcia's overtime claim;
- $4,191.11 will be paid by way of a check issued to Migdalia Garcia, representing payment of alleged liquidated damages, and reported on an IRS Form 1099
- $8,617.78 will be paid by way of a check issued to Josephson Dunlap LLP and reported on an IRS Form 1099 representing payment of Ms. Garcia's attorneys' fees and costs;

IN FURTHER CONSIDERATION of payment of the above-mentioned sum, the Parties agree as follows:

1. The terms of this Settlement Agreement and Release are subject to Court approval;

2. Within seven days of her counsel's receipt of the settlement checks as set forth above, **RELEASOR** agrees to dismiss THE COMPLAINT pending in the United States District Court for the Eastern District of Pennsylvania WITH PREJUDICE;

3. THE PARTIES understand and agree this is a full and final release of any and all claims that the **RELEASOR and RELEASEE** have or may have against one another arising from or related to THE COMPLAINT, including claims which are latent or occur later, known or unknown, foreseen or unforeseen, anticipated or unanticipated at the time this Settlement Agreement and Release is signed for damages, including lost income, revenue or profits, violations of any federal, state or local statute and any other damage or loss of the Parties.

4. **RELEASOR and RELEASEE** agree that they will forever refrain and desist from maintaining, instituting, prosecuting, pursuing, or asserting against one another any and all claims released pursuant to this Settlement Agreement and Release.

5. This Settlement Agreement and Release shall also release **RELEASOR and RELEASEE** and their respective attorneys from any claims related to their respective conduct in their pursuit of or defense of the THE COMPLAINT.

6. With the exception of the amount identified above, The Parties shall be responsible for the payment of their own legal expenses and costs incurred in the litigation concerning THE COMPLAINT and in connection with the negotiation and preparation of this Settlement Agreement and Release and the performance of the obligations hereunder.

7. **RELEASOR** warrants and represents that there are no outstanding liens, including liens by attorneys, hospitals, physicians, or governmental entities including, but not limited to, child

support, public aid, social security, Medicare, or any tax liens and that **RELEASOR** shall indemnify, defend, and hold harmless **RELEASEE** in the event that any lien(s) is/are asserted or claimed.  **RELEASOR** further warrants and represents that they are responsible for any tax implications that arise as a result of the resolution of the issues related to THE COMPLAINT.

8.     This Settlement Agreement and Release is the result of a compromise of a disputed claim and is not an admission of liability or responsibility on the part of any Party.  **RELEASEE** continues to deny liability and to disclaim all responsibility for the **RELEASOR'S** alleged injuries or damages from THE COMPLAINT. THE PARTIES agree that this Settlement Agreement and Release shall not be used as precedent in any other claim, suit, investigation (whether by private or government entities), cause or hearing.  Any attempt to use this Settlement Agreement and Release as precedent for any other case, except for impeachment purposes or enforcement of the terms of this Settlement Agreement and Release, shall be considered a material breach of the Settlement Agreement and Release and shall subject the breaching party to damages.  The language of this paragraph and the Settlement Agreement and Release shall not be construed as barring **RELEASOR'S** future claims for future acts of retaliation perpetrated by **RELEASE** herein, its employees or agents. **RELEASOR** acknowledges and affirms that she was employed in an exempt position of Program Manager for the purposes of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act, has reported all hours worked as of the date of this Agreement and was paid and has received all compensation, wages, bonuses, commissions, and benefits to which she was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to her, except as provided in this Agreement. Further, she acknowledges and agrees that she has not suffered any workplace injury or occupational disease that has not already been reported to the Company, nor has she been denied any leave requested under the Family and Medical Leave Act and/or any applicable state or local leave law.

9.     This Settlement Agreement and Release shall be interpreted in accordance with the laws of the Commonwealth of Pennsylvania and any disputes as to the interpretation and application of this Settlement Agreement and Release will be heard in the applicable Court in the Commonwealth of Pennsylvania.

10.    It is agreed and understood that breach of any portion of this Settlement Agreement and Release shall be actionable as a breach of contract in the applicable Court in the Commonwealth of Pennsylvania, and for damages, upon proof to the satisfaction of the trier of fact ("ACTION"). It is agreed that in the event of a breach of this Settlement Agreement and Release, the prevailing party in the ACTION shall be entitled to reasonable attorneys' fees and other costs.

11.    **RELEASORS and RELEASOR'S** counsel agree that they will not issue any press release, answer any press inquiries, or make any website or public social media postings (including, but not limited to, blog posts, Facebook postings, and the like) regarding the terms of this Settlement Agreement and Release or any portion thereof.  Nothing in the forgoing prohibits **RELEASOR** or her counsel from submitting court filings necessary to seek Court approval of this Settlement Agreement and Release.  **RELEASOR** agrees to instruct her attorneys to comply with the terms of this paragraph and agrees that she will be liable for her attorneys' failure to comply as if she had violated this provision herself.

12. THE PARTIES agree that in the event of any inquiry about the status of The Parties' dispute, or in connection with advising witnesses and experts about the dismissal of all claims, The Parties and their counsel shall respond only by stating, in words or substance, that "All claims between the parties have been dismissed and resolved."

13. THE PARTIES agree that the confidentiality provisions set forth in Sections 11 and 12 constitute material terms of this Settlement Agreement and Release. Nothing herein shall prevent or preclude RELEASEE from seeking any and all injunctive relief to which they may be entitled in law or equity for breach of said confidentiality provisions.

14. In the event an action to enforce the confidentiality provisions set forth in Sections 11 and 12 is filed, the prevailing party shall be entitled to recover all costs incurred in prosecuting or defending the action, including attorney's fees.

15. THE PARTIES agree that the consideration for the confidentiality covenants above is not pecuniary or monetary. The consideration is the mutual promise of confidentiality and forbearance of disclosure by each party and their counsel, which is sufficient to support the covenant.

16. As a material part of this Settlement Agreement and Release, **RELEASOR and RELEASEE** agree that neither will at any time disparage one another, or cause or assist in causing any third party to disparage the other, in any manner or through any medium of communication, including, but not limited to, orally, or in writing, or on any internet posting, blog, electronic mail, video, or in any other communicable fashion, regardless of whether in public or private, or of a professional or personal nature. The Parties further understand and agree:

   A. The promise of non-disparagement as provided in this paragraph is a material inducement to the Parties to enter into this Release;

   B. That if THE PARTIES incur legal fees and/or costs in enforcing the terms of this non-disparagement provision, upon resolution of any such dispute, reasonable attorneys' fees and/or costs shall be awarded to the prevailing party.

17. No representations, other than as set forth herein, have been made by THE PARTIES or their representatives. THE PARTIES' decision to enter into this Settlement Agreement and Release was not induced in any way by any representative or person acting on behalf of the Party, and THE PARTIES are not relying on any statement or representation made by any other Party, or any agent, doctor or any other person representing any other Party, concerning the nature, extent or duration of any damage, injury or legal liability therefore.

18. Notwithstanding anything set forth herein, nothing in this Settlement Agreement and Release shall prohibit **RELEASOR** from initiating, testifying, assisting, complying with a subpoena from, or participating in any manner with, an investigation by a government agency, from speaking with law enforcement, or from filing or disclosing facts necessary to receive unemployment insurance, Medicaid, or other public benefit to which she is entitled.

19. This Settlement Agreement and Release sets forth the entire agreement between THE PARTIES, and this document is a fully integrated agreement. If any provision of this Settlement Agreement and Release is held to be invalid or unenforceable on any occasion or in any circumstance, such holding shall not be deemed to render this Settlement Agreement and Release invalid or unenforceable to the extent the provisions of this Settlement Agreement and Release are severable; however, this provision shall not preclude a court of competent jurisdiction from refusing to sever any provision if severance would be inequitable to the parties hereto.

20. THE PARTIES acknowledge that they have the capacity to enter into this Settlement Agreement and Release and that they have read this Settlement Agreement and Release in its entirety prior to executing it, and that they fully understand all terms and conditions contained in the Settlement Agreement and Release. THE PARTIES further acknowledge that they are satisfied with this settlement and have signed the Settlement Agreement and Release voluntarily.

21. THE PARTIES acknowledge they have the consulted with an attorney concerning the provisions of this Settlement Agreement and Release.

THE UNDERSIGNED HAVE READ THE FOREGOING RELEASE AND SETTLEMENT AGREEMENT.

Executed at __8:54am__ on this __23__ day of __December__, 2021.

CAUTION: This is a RELEASE. Read before signing.

_Migdalia Garcia (Dec 23, 2021 08:55 EST)_
**MIGDALIA GARCIA**

Sworn and subscribed before me this __23rd__ day of __December__, 2021.

_Omid Afhami_
Notary Public

My Commission expires: __08-04-24__

OMID AFHAMI
Notary Public, State of Texas
Comm. Expires 08-04-2024
Notary ID 128874805

4872-8154-5221.1

5

Executed at __10:15 AM__ on this __28th__ day of __December__, 2020.

CAUTION: This is a RELEASE. Read before signing.

_____
On behalf of The GEO Group, Inc.


Sworn and subscribed before me this _____ day of _____, 2021.


_____
Notary Public

My Commission expires: _____

4872-8154-5221.1

6